FORM 104 (10/06)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|

| PARTY (Check One Box Only)<br>☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor      ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor      ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner – §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge – §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – reinstatement of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

FORM 104 (10/06), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR | | BANKRUPTCY CASE NO. |
| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| **ADVENTURE PARKS GROUP, LLC,** | : | **Chapter 11** |
| **CYPRESS GARDENS ADVENTURE** | : | **Case No. 06-70659-JTL** |
| **PARK, LLC, and WILD ADVENTURES** | : | |
| **VALDOSTA, LLC,** | : | **Jointly Administered** |
| | : | |
| Debtors. | : | |
| | : | |
| **GLASSRATNER ADVISORY &** | : | |
| **CAPITAL GROUP, LLC, as Liquidating** | : | |
| **Trustee for the Bankruptcy Estates of** | : | **Adversary Proceeding No.** |
| **Adventure Parks Group, LLC, Cypress** | : | _____ |
| **Gardens Adventure Park, LLC, and Wild** | : | |
| **Adventures Valdosta, LLC,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **MORRIS PUBLISHING GROUP, LLC** | : | |
| **d/b/a The Florida Times-Union** | : | |
| | : | |
| Defendant. | : | |

**COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS AND**
**OBJECTION TO CLAIMS**

COMES NOW, GlassRatner Advisory & Capital Group, LLC, as Liquidating Trustee for

the Bankruptcy Estates of Adventure Parks Group, LLC, Cypress Gardens Adventure Park, LLC,

and Wild Adventures Valdosta, LLC (hereinafter "Trustee" or "Plaintiff"), by and through its

undersigned counsel, and files this Complaint to Avoid and Recover Preferential Transfers and

Objection to Claims, and in support thereof, shows this Court the following:

**BACKGROUND**

1.      On September 11, 2006 ("Petition Date"), Adventure Parks Group, LLC, Cypress

Gardens Adventure Park, LLC, and Wild Adventures Valdosta, LLC (collectively, the

"Debtors") filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United

States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Middle

District of Georgia, Valdosta Division (the "Bankruptcy Court").

2.      On or about September 14, 2006, the Bankruptcy Court entered an Order

Directing Joint Administration of Cases [Docket No. 59], which consolidated the bankruptcy

cases of each of the Debtors for procedural purposes and directed that the bankruptcy cases of

each of the Debtors would be jointly administered under Bankruptcy Case No. 06-70659.

3.      On March 3, 2008, the Debtors filed their Second Amended Plan of Liquidation

of the Debtors Dated February 28, 2008 [Docket No. 1187] (as modified, the "Plan") and filed

their Disclosure Statement for Second Amended Plan of Liquidation of the Debtors Dated

February 28, 2008 [Docket No. 1186] (the "Disclosure Statement").  On April 30, 2008, the

Bankruptcy Court entered an Order confirming the Plan [Docket No. 1361] (the "Confirmation

Order").

4.      Pursuant to the Plan and Confirmation Order, the Debtors and their estates (the

"Estates") are substantively consolidated.  The Debtors in their post-Confirmation Order status

are referred to collectively as the "Post-Confirmation Debtors."  The Post-Confirmation Debtors

and the Estates continue in existence under the direction and control of the Liquidating Trustee

for the purpose of executing the terms of the Plan.

## PARTIES

5.      The Confirmation Order provides that the Liquidating Trustee is deemed to be the

authorized representative of the Debtors and the Post-Confirmation Debtors as the party-in-

interest in these chapter 11 cases and all adversary proceedings.  Pursuant to the Confirmation

Order, the Liquidating Trustee is GlassRatner Advisory & Capital Group, LLC.

6.      The Plaintiff is GlassRatner Advisory & Capital Group, LLC, as Liquidating

Trustee for the Bankruptcy Estates of Adventure Parks Group, LLC, Cypress Gardens Adventure

Park, LLC, and Wild Adventures Valdosta, LLC ("Plaintiff").  Plaintiff is a limited liability

company organized and existing under the laws of the State of Georgia with its principal office

located at 3391 Peachtree Road, Suite 110, Atlanta, Georgia 30326.

7.      Plaintiff is authorized to commence this adversary proceeding pursuant to the

Plan and Confirmation Order and pursuant to §§ 323, 544, 545, 547, 548, 550, 551, and 1107 of

the United States Bankruptcy Code.

8.      Upon information and belief, the above-named Defendant (the "Defendant") is a

limited liability company formed and existing under the laws of the State of Georgia and has a

primary mailing address at 725 Broad Street, Augusta, Georgia 30901.  Defendant may be served

with process by delivering a copy of the summons and this complaint to its officer, a managing

or general agent, or any other agent authorized by appointment or by law to receive service of

process as permitted in Fed.R.Bankr.P. 7004(h) or in any other manner permitted under the

Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure.

## JURISDICTION AND VENUE

9.      This adversary proceeding arises under and relates to the bankruptcy cases of the

Debtors.  The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28

U.S.C. §§ 157 and 1334.

10.      This adversary proceeding is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2).

11.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

12.      Defendant is subject to the jurisdiction of this Bankruptcy Court.

3

## COUNT I

### Avoidance of Preferential Transfers Under 11 U.S.C. § 547

13.     Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 12 of this Complaint in their entirety as if set forth in full herein.

14.     During the ninety (90) days preceding the Petition Date (the "Preference Period"), one or more of the Debtors made certain preferential transfer(s) of an interest of the Debtors in property to the Defendant, including, but not limited to, the following:

| Vendor ID | Vendor Name | Check Number | Check Date | Check Amount |
|-----------|-------------|--------------|------------|--------------|
| FLOTIM0001 | The Florida Times Union | 45375 | 6/29/2006 | $15,187.55 |
| FLOTIM0001 | The Florida Times Union | 45458 | 7/7/2006 | $12,818.47 |
| FLOTIM0001 | The Florida Times Union | 45726 | 7/28/2006 | $10,997.37 |
| FLOTIM0001 | The Florida Times Union | 45984 | 8/11/2006 | $15,576.44 |
| | | | **Total:** | **$54,579.83** |

The aggregate amounts set forth above are collectively referred to as the "Transfers."

15.     On or about July 22, 2008, Plaintiff, through its counsel, made demand upon the Defendant for the return of the Transfer(s).  Despite due demand, Defendant has failed to return the Transfer(s) to Plaintiff.

16.     Each of the Transfer(s) was made by one or more of the Debtors to or for the benefit of Defendant.

17.     Each of the Transfer(s) was made for or on account of antecedent debt owed by one or more Debtors to the Defendant prior to the date each of the Transfer(s) was made.

18.     Defendant was a creditor of one or more of the Debtors at the time of each of the Transfer(s).

19.     The Debtors were insolvent at the time that they made the Transfer(s).

4

20.     The Transfer(s) enabled the Defendant to receive more than the Defendant would have received if: (a) the bankruptcy cases were cases under chapter 7 of the Bankruptcy Code; (b) the Transfer(s) had not been made; and (c) the Defendant had received payment of the debt to the extent provided by the provisions of the Bankruptcy Code.

21.     The Plaintiff is entitled to avoid the Transfer(s) pursuant to section 547(b) of the Bankruptcy Code.

22.     The Plaintiff is entitled to an order and judgment against the Defendant avoiding the Transfer(s) as a preferential transfer as prescribed under § 547(b) of the Bankruptcy Code.

## COUNT II

### Recovery of Transferred Property Under 11 U.S.C. §§ 550 and 551

23.     Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 22 of this Complaint in their entirety as if set forth in full herein.

24.     The Transfer(s) constitute preferential transfers which are avoidable by the Plaintiff pursuant to section 547(b) of the Bankruptcy Code.

25.     The Defendant was the initial transferee of the Transfer(s) or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfer(s) were made.  Therefore, the Plaintiff is entitled to recover the Transfer(s) or their value from the Defendant pursuant to §§ 550 and 551 of the Bankruptcy Code.

26.     The Plaintiff is entitled to an order and judgment against the Defendant requiring Defendant to repay the Transfer(s) or their value to the Plaintiff as prescribed under §§ 550 and 551 of the Bankruptcy Code.

## COUNT III

### Disallowance of Claims Pursuant to 11 U.S.C. § 502(d)

27.    Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 26 of this Complaint in their entirety as if set forth in full herein.

28.    The objection to claims set forth in this Count III constitutes a Contested Matter pursuant to Fed.R.Bankr.P. 3007 and 9014, and such Contested Matter is a core proceeding pursuant to 28 U.S.C. § 157.

29.    The objection to claims set forth in this Count III may be joined with this Adversary Proceeding pursuant to Fed.R.Bankr.P. 3007(b) and 7018.

30.    The Transfer(s) are avoidable under § 547(b) of the Bankruptcy Code.

31.    The Transfer(s) are recoverable under § 550 of the Bankruptcy Code.

32.    Pursuant to § 502(d) of the Bankruptcy Code, any claims of Defendant against one or more of the Debtors, whether scheduled by the Debtors or for which a proof of claim was filed, must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Transfer(s).

33.    The Plaintiff is entitled to an order and judgment against the Defendant, pursuant to § 502(d) of the Bankruptcy Code, disallowing any claims of Defendant against one or more of the Debtors, whether scheduled by the Debtors or for which a proof of claim was filed, until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Transfer(s).[1]

---

[1] Plaintiff hereby expressly reserves the right to commence any and all other causes of action that it may maintain against the Defendant, including, without limitation, (i) causes of action arising out of the same facts set forth herein to the extent that discovery in this adversary proceeding or further investigation by the Plaintiff reveals such further causes of action and (ii) any available objections to any claims that the Defendant may have against one or more of the Debtors or their respective Estates.

WHEREFORE, the Plaintiff respectfully prays that the Bankruptcy Court enter an order and judgment as follows:

(a)     declaring that each of the Transfer(s) is avoidable as a preferential transfer under § 547of the Bankruptcy Code;

(b)     declaring that Plaintiff is entitled to recover the Transfer(s), or a money judgment for the value of the Transfer(s), pursuant to §§ 550 and 551 of the Bankruptcy Code;

(c)     ordering Defendant to pay Plaintiff the amount of $54,579.83, plus interest at the highest legally permissible rate from the date of the Demand Letter (or from such other date as permissible under applicable law) until the date of payment of such amount by the Defendant;

(d)     disallowing any and all of the Defendant's claims against one or more of the Debtors pursuant to § 502(d) of the Bankruptcy Code until the Defendant pays the entire judgment in full; and

(e) granting the Plaintiff such other and further relief as is just and proper.

Respectfully submitted, this 10th day of September, 2008.

STONE & BAXTER, LLP
BY:

/s/ Austin E. Carter
Ward Stone, Jr.
Georgia Bar No. 684630
Austin E. Carter
Georgia Bar No. 113695
George H. McCallum
Georgia Bar No. 481518
Christopher W. Terry
Georgia Bar No. 702484

577 Mulberry Street
Suite 800
Macon, Georgia 31201
(478) 750-9898; (478) 750-9899 (fax)

Counsel for Plaintiff

G:\CLIENTS\Adventure Parks\PREFERENCES\AEC\The Florida Times Union\COMPLAINT.DOC